IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EMMERICH NEWSPAPERS, INC.**                                          **PLAINTIFF**

VS.                                            CAUSE NO. 3:23-CV-118-HTW-LGI

**SMARTNEWS, INC., SMARTNEWS
INTERNATIONAL, INC., KEN SUZUKI and
KAISEI HAMAMOTO,**                                                     **DEFENDANTS**

and

**SMARTNEWS INTERNATIONAL, INC.**                                **COUNTER-PLAINTIFF**

VS.

**EMMERICH NEWSPAPERS, INC.**                                    **COUNTER-DEFENDANT**

### DEFENDANTS/COUNTER PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF THEIR UNOPPOSED MOTION TO RESTRICT ACCESS TO CERTAIN DOCUMENTS

Defendant/Counter-Plaintiff, SmartNews International, Inc., and Defendants SmartNews Inc., Ken Suzuki, and Kaisei Hamamoto (collectively "SmartNews" or "Defendants"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 5.2 and L. U. Civ. R. 79(e) hereby file this Memorandum of Law in Support of Their Motion to Restrict Access to Certain Documents attached to their motion to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1), and in the alternative for referral to the Register of Copyrights under 17 U.S.C. § 411(b)(2) ("Motion to Dismiss") [Dkt. 105], and in support thereof, state as follows:

**INTRODUCTION AND BACKGROUND**

Today, Defendants filed their Motion to Dismiss. Defendants seek leave to file a supporting exhibit to their Motion to Dismiss under restricted access due to the confidential nature of Plaintiff/Counter-Defendant Emmerich Newspapers Inc.'s ("Plaintiff or "Emmerich") business

information therein. Applicable law provides protections to sensitive, proprietary business information and expressly protects the confidentiality of tax return information. *See* 26 U.S.C. § 6103. The following document Defendants ask to be restricted fits squarely within this category of protected documents:

    Exhibit 3    Excerpts of Emmerich's 2021 Federal Tax Returns

In support of Defendants' Motion to Dismiss, Defendants will file as an exhibit certain tax documents exchanged during discovery. The public's interest in viewing this specific information is outweighed by the information's confidential nature. Accordingly, there is ample justification for the Court to grant this motion.

## LEGAL STANDARD

In general, "[t]he public has a common law right of access to judicial records" and "sealing judicial records is…heavily disfavored." *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2 (5th Cir. Mar. 7, 2024). "Courts have recognized that the public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). "The public's common law right," however, "is not absolute." *Van Waeyenberghe*, 990 F.2d at 848 (citing *Nixon*, 435 U.S. at 598; *Belo*, 654 F.2d at 430). "Every court has supervisory power over its own records and files…and, when appropriate, courts may order that case documents be filed under seal" pursuant to Fed. R. Civ. P. 5.2(d). *Sealed Appellant*, 024 WL 980494 at *2. (internal citations omitted). "To determine whether a judicial record should be sealed, the court 'must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021)).

When documents are filed containing confidential information, the Court may exercise its supervisory powers and order that a document be sealed/restricted pursuant to L. U. Civ. R. 79(e). Pursuant to L. U. Civ. R. 79(e)(3):

> Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:
>
> (A)  A non-confidential description of what is to be sealed;
>
> (B)  A specific request that the document or case:
>
>   a. (1) Be sealed from any access by the public and the litigants' counsel;
>
>   b. (2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
>
>   c. (3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.
>
> (C)  A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)–(3) above is most appropriate, and why another procedure will not suffice;
>
> (D)  References to governing case law; and
>
> (E)  Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.
>
> (F)  The proposed order must recite the findings required by governing case law to support the proposed sealing. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

L. U. Civ. R. 79(e)(3).

The Fifth Circuit "has not assigned a particular weight to the presumption" nor "interpreted the presumption in favor of access as creating a burden of proof." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). Nonetheless, the Fifth Circuit has held that a district court has wide discretion to seal confidential exhibits, and its decision will only be reviewed for abuse of discretion. *Seals v. Herzing Incorporated-New Orleans*, No. 12-30085, 2012 WL 2505546, at *3

3

(5th Cir. June 29, 2012) (citations omitted). Thus, a court, ultimately, must balance the interests favoring disclosure with the interests offered in support of nondisclosure.

## ARGUMENT

Restricting documents that include a party's confidential information is necessary to comply with the Federal Rules of Civil Procedure, the Administrative Procedures for Electronic Case Filing, and federal law. Restricting access to those documents will further the governments "goal of promoting electronic access to case files while still protecting personal privacy." § 9, S.D. Miss. Admin. P. Elec. Case Filing. Restricting access to Plaintiff's federal tax return information from public access only, with CM/ECF access permitted to the litigants' counsel, allows the parties to access records that were exchanged in discovery, but restricts public access to confidential and sensitive tax return information.

The balancing of interests weigh in favor of sealing the designated materials. The exhibit contains confidential and proprietary tax return information that has been designated as confidential pursuant to the Agreed Protective Order [Dkt. 79] and that is protected from disclosure by federal law. *See* 26 U.S.C. § 6103. This information, if revealed publicly, is highly likely to provide an immediate competitive and economic disadvantage Emmerich. "[S]ealing may be appropriate," according to the Fifth Circuit, "where [documents] incorporate confidential business information." *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (citing *Nixon*, 435 U.S. at 598); *Buff City Soap LLC v. Bynum*, No. 3:20-CV-00055-NBB-RP, 2021 WL 2482548, at *1 (N.D. Miss. June 17, 2021) (sealing documents containing confidential business and planning information). Such is the case here, and the identified exhibit to Defendants' motion should be restricted.

Under the Agreed Protective Order [Dkt. 79], "'Confidential Information' shall refer to refer to financial, technical, and/or proprietary information provided by any party to another in the course of this litigation, including but not limited to:  . . . (ii) financial statements or reports, personal financial statements, or similar documents related to any party or entity related to any party; except that it shall not include any such documents are publicly available[.]" *Id*. at ¶ 3. Under the Agreed Protective Order, a party may "file with the Court any copies of, samples of, or quotations or summaries from Information governed by this Order in connection with this Litigation, including any pleadings, motions, documents, exhibits, or other filings that contain Information, such Information may only be filed 'under seal' pursuant to Rule 79 of the Local Uniform Civil Rules.  A party seeking to file material containing another party or non-party's Information must move to seal the materials, unless the Parties have met and conferred prior to the filing and the designating Party agreed to the public filing of its Information." *Id*. at ¶ 11.  The parties agreed that these categories of documents, due to their sensitive and proprietary nature and potential to provide a competitive and economic disadvantage to the parties, should be shielded from public dissemination.

Defendants' Motion to Dismiss will reference and incorporate the above exhibit, which is not implicated by this Motion.  This Motion seeks to restrict only one exhibit for the purpose of preventing public disclosure of confidential and proprietary business records, thereby preventing the risk of immediate harm to Emmerich in this action.

The Fifth Circuit's decision in *Binh Hoa Le v. Exeter Fin. Corp.* does not negatively impact this Motion nor Defendants' requested relief.  In that case, after affirming a district court's award of summary judgment, the Fifth Circuit went on to discuss a self-described "peripheral-yet-essential point" regarding the "automatic" sealing of judicial records.  2021 WL 838266, at **4–5 (5th Cir. Mar. 5, 2021).  The court, in short, admonished lower courts to refrain from

5

automatically sealing documents, and to avoid discovery-related protective orders that allow for the sealed filing of every document subject to them. *Id*. at *7. "Such stipulated sealings are not uncommon," concluded the Fifth Circuit, "[b]ut they are often unjustified." *Id*. at *8. This Motion does not ask the Court for a standing or stipulated order allowing various documents (or categories of documents) to be filed under seal. Rather, it is narrowly-tailored, seeking to have restricted only the material identified in this Motion. In support of that request, Defendants have articulated the specific interests that support nondisclosure and otherwise outweigh disclosure.

Defendants acknowledge that "the public has a common law right to inspect and copy judicial records." *Van Waeyenberghe*, 990 F.2d at 848. Here, with respect to the one exhibit in support of Defendants' Motion to Dismiss, however, the public's right is overcome by such exhibit's confidential and proprietary business information. Accordingly, the Court should order those documents be permanently restricted from public access.

## CONCLUSION

For the foregoing reasons, Defendants ask the Court for leave to grant their Motion to Restrict Access to Certain Documents including [Dkt. 105-4] and permanently restrict the public's access to those documents only, with CM/ECF access permitted to the litigants' counsel, and for any additional relief the Court deems warranted under the circumstances.

Respectfully submitted, this 2nd day of February, 2026.

/s/ *Tyler G. Newby*
Dorsey R. Carson, Jr. (MSB #10493)
Kathryn P. Goff (MSB #105678)
Tyler G. Newby (*Admitted Pro Hac Vice*)
Joseph S. Belichick (*Admitted Pro Hac Vice*)
Irene Aguirre *(Admitted Pro Hac Vice)*
Diana Buck (*Admitted Pro Hac Vice*)
Deena J.G. Feit (*Admitted Pro Hac Vice*)

*Attorneys for Defendants*
SMARTNEWS INTERNATIONAL, INC.
SMARTNEWS, INC.
KEN SUZUKI
KAISEI HAMAMOTO

**OF COUNSEL**:
CARSON LAW GROUP, PLLC
125 S. Congress Street, Suite 1336
Jackson, Mississippi 39201
Telephone: (601) 351-9831
Facsimile:  (601) 510-9056
Email: dcarson@thecarsonlawgroup.com
         kgoff@thecarsonlawgroup.com

-and-

FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Email: tnewby@fenwick.com
         jbelichick@fenwick.com
         iaguirre@fenwick.com
         dbuck@fenwick.com
         dfeit@fenwick.com

**CERTIFICATE OF SERVICE**

    I, Tyler G. Newby, do hereby certify that I have this day filed the above-styled document electronically with the Clerk of Court, which constitutes service by Notice of Electronic Filing upon participants registered in this case with the CM/ECF system, including the following:

Wilson H. Carroll
WILSON CARROLL, PLLC
2506 Cherry Street
Vicksburg, Mississippi 39180
wilson@wilsoncarroll.com

This the 2nd day of February, 2026.

                                        */s/ Tyler G. Newby*
                                        TYLER G. NEWBY
                                        OF COUNSEL